SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOSHUA EATON (CABN 196887)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7044/7102
    Facsimile: (415) 436-7234
    Email: Josh.eaton@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>JESUS ROCHA-ALVAREZ,<br>    Defendant. | No. CR 07-0382 JSW<br>**UNITED STATES' SENTENCING MEMORANDUM**<br>Date: September 6, 2007<br>Time: 2:30 p.m. |

## I. INTRODUCTION

On June 21, 2007, the Defendant Jesus Rocha-Alvarez pled guilty to the sole count of the above-captioned information, 8 U.S.C. § 1326, Illegal Re-Entry After Deportation, and admitted this same conduct violated Charge Two of the Form 12C(2) Petition for Arrest Warrant for Offender Under Supervision, filed with this court on May 2, 2007. That same day, the parties entered into a Rule 11(c)(1)(C) plea agreement, providing that under the Sentencing Guidelines, the applicable adjusted Offense Level range is 17 and the Criminal History category is V. In the plea agreement, the parties agreed to a sentence of 46 months for the violation of 8 U.S.C. § 1326, to be served consecutively with a sentence of 12 months for the violation of supervised release.

United States' Sentencing Memo
CR 07-0382 JSW

The United States agrees with the United States Probation Department that the adjusted offense level for this defendant is 21; the Criminal History Category is V; and the resulting sentence range under the Sentencing Guidelines is 70-87 months.  The Presentence Investigative Report (PSR) correctly notes that defendant is eligible to receive a 16 point enhancement for a crime of violence conviction under U.S.S.G. § 2L1.2.(b)(1)(A).  However, based on the information in the possession of the United States at the time of the plea on June 21, 2007, the United States agreed that a 12 point enhancement under U.S.S.G. § 2L1.2(b)(1)(B) was a reasonable and appropriate disposition of the matter. While the PSR notes that the defendant would have appropriately received a 12 point enhancement under U.S.S.G. § 2L1.2(b)(1)(B), the 16 point enhancement in accordance with § 2L1.2.(b)(1)(A) trumps, and is not further increased by the eligibility for the 12 point enhancement.  The United States agrees with this analysis; however, stands by its original agreement under the circumstances.

The Government  submits that a 58 month aggregate sentence is "sufficient, but not greater than necessary" to effect the purposes of sentencing, and with its recommendation departs from the recommendation of a 70 month sentence of United States Probation Department.  See 18 U.S.C. § 3553(a).

## II.
## AN AGGREGATE SENTENCE OF 58 MONTHS IS A REASONABLE AND APPROPRIATE SENTENCE

The United States submits that under 18 U.S.C. § 3553(a) factors – including the nature and circumstances of the offense, and the criminal history and characteristics of the defendant – a 46 month sentence served consecutively with a 12 month sentence is a reasonable sentence, being neither too harsh nor too lenient.

**A.     Sentencing Law**

The Ninth Circuit outlined a two step procedure to review sentences in *U.S. v. Cantrell*, 433 F.3d 1269, 1279-1280 (9th Cir. 2006).  Under this procedure, the first step is to determine whether the district court properly calculated the applicable guidelines range; if not, error lies and reversal is appropriate. *Id.*  If the first step occurs properly, appellate review moves to the second step. *Id.*  Assuming the guideline calculations are correct, the review turns to whether the

sentence is reasonable. *Id.*

After *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory, and sentencing decisions are guided by the touchstone of reasonableness. *Id.* at 264. Reasonableness is judged by the factors listed in 18 U.S.C. § 3553(a). *Id.* Section 3553(a) states that a court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Other sentencing factors to be considered by the Court include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law and to provide a just punishment; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide needed training, care and treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

**B.    The Nature of the Offense and the Defendant's Criminal History Support a the Agreed Upon Sentence**

*History and characteristics of the defendant.* The United States submits that a Criminal History Category V is justified by the defendant's criminal history , but that a downward departure from that range is not unreasonable.

The defendant's criminal history places him in the second highest Criminal History Category; however, the defendant's prior convictions are primarily non-violent. When the defendant was 19 and 20 years old he was convicted of three misdemeanors; to wit, Trespass, Theft and Receiving Stolen Property. (See PSR ¶ 6.) In 1992, at 21 years old, the defendant received his first felony conviction; to wit, Burglary of an Inhabited Dwelling. (*Id.* at ¶ 7.) Over the following ten years, the defendant was convicted of three additional misdemeanors; to wit, Providing a False ID to a Peace Officer and Trespassing. (*Id.* at ¶ 8.) In 2002, however, the defendant was convicted of a drug trafficking offense, his second felony. (*Id.* at ¶ 9.) Finally, in 2004 the defendant received one misdemeanor and one felony conviction for Improper Entry by an Alien. (*Id.*) As such, the defendant's only crime of violence, Burglary of an Inhabited Dwelling, occurred 17 years ago.

*Nature and Circumstances of the Offense.* Both aggravating and mitigating factors arise out of the facts of the instant offense. It is aggravating that the defendant was out of custody less

than 90 days before he illegally re-entered the United States. (*Id.* at ¶ 4.) However, as the PSR notes, the defendant has three children who are American citizens, born in Watsonville, California, and that while his illegal re-entry into the United States cannot be excused by such a fact, it may help to provide justification for his conduct. (United States Probation Sentencing Recommendation at ¶ 1.)

    The government submits that the above factors – the defendant's criminal history and the circumstances of the present offense – do support a sentence within the guideline range for this offense, but also submits that sufficient factors exist to support a downward departure from that range to the agreed upon aggregate sentence. Accordingly, the government submits that an aggregate sentence of 58 months is a reasonable and appropriate sentence under the circumstances.

## III.
## CONCLUSION

    The United States asks the Court to sentence the defendant to 46 months, to be served consecutively with an imprisonment or 12 months, and impose all others terms as outlined in the PSR.

Dated: August 27, 2007              Respectfully submitted,

                                      SCOTT N. SCHOOLS
                                      United States Attorney


                                      /s/
                                      JOSHUA EATON
                                      Assistant United States Attorney