BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant ROCHA-ALVAREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JESUS ROCHA-ALVAREZ,<br><br>  Defendant. | No. CR-04-370 JSW<br>No. CR-07-382 JSW<br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM<br><br>Date: September 6, 2007<br>Time: 2:30 p.m.<br>Court: The Honorable Jeffrey S. White |

**INTRODUCTION**

Mr. Jesus-Rocha Alvarez now appears before this Court for sentencing on one count of illegal re-entry following deportation, in violation of 18 U.S.C. § 1326, as well as sentencing on a supervised release violation for a previous conviction of 18 U.S.C. § 1326. All parties now realize and agree that under Ninth Circuit law, the proper Guideline range is Offense Level 21, Criminal History Category 5, which would result in a sentence of 70-87 months. The government and Mr. Rocha-Alvarez have agreed upon a disposition of 58 months, in which the 12 month supervised release violation was intended to run consecutively to then-calculated Guidelines of 46-57 months. The United States Probation Officer has recommended a sentence of 70 months after identifying a

Def. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

1

Guideline range of 70-87 months, but has recommended that the supervised release violation run concurrently. Given the fact that the parties are now only 12 months apart, Mr. Rocha-Alvarez respectfully requests this Court to adopt the parties proposed disposition and sentence Mr. Alvarez to 58 months in custody.

**ARGUMENT**

Mr. Rocha-Alvarez concurs with the government's recitation of the mitigating factors in his favor at sentencing. He first came to California at the age of nine with both parents, speaking a small amount of English. He lived in Watsonville and worked in a restaurant there as a teenager with mother, while his father worked picking crops in the fields. Mr. Rocha-Alvarez has three children who are United States citizens that live in Watsonville, which is the reason he continues to return to the United States. It is now apparent to Mr. Rocha-Alvarez, however, that the consequences of returning to the United States are extremely serious, and will not result in his being able to spend any time with his children. He is cognizant of the fact that lengthy jail terms are not helping himself or his family. As such, he is resolved to remaining outside of the United States, returning to work in Mexico and helping his family financially by working, rather than helping no one by continuous incarceration.

The sentence presented by the plea agreement is a reasonable sentence. It almost a five year sentence for the crime of returning to the United States, which is almost twice the amount of time Mr. Rocha Alvarez completed for illegal reentry in the 2004. It is a severe sentence that sends a strong message to Mr. Rocha-Alvarez that punishments for illegal-reentry become incrementally worse as time passes. Moreover, it is a disposition that the government believes is reasonable under the circumstances of the case.

The Probation Officer has reviewed Mr. Rocha-Alvarez' file, and concurs with the parties that there are mitigating factors present in this case. Although she has recommended a sentence at the low end of the Guidelines, she also recommends that the Court run the supervised release violation

Def. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

concurrently. The one difference between the parties' initial Guideline calculation and the Probation Officer's calculation is an extremely old conviction for burglary, which Mr. Rocha-Alvarez suffered in 1992, when he was only 21 years old. The characterization of this old conviction as First Degree Burglary, rather than simple Burglary, raised the Guideline range from 46-57 months to 70-87 months, a very large increase in time for an old conviction that represents the sole conviction of violence in his entire records. To the parties' knowledge, none of Mr. Rocha-Alvarez' convictions contain aggravating factors. Each of these arguments supports imposition of the parties' agreed-upon sentence of 58 months in custody.

## CONCLUSION

For the aforementioned reasons, Mr. Rocha-Alvarez respectfully requests the Court to adopt the parties' proposed plea agreement, and sentence him to 58 months in custody.

Dated:         August 30, 2007

BARRY J. PORTMAN
Federal Public Defender

          /S/

_____
ELIZABETH M. FALK
Assistant Federal Public Defender

Def. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Def. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

4