SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOSHUA EATON (CABN 196887)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7044/7102
    Facsimile: (415) 436-7234
    Email: Josh.eaton@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESUS ROCHA-ALVAREZ,<br><br>    Defendant. | No. CR 07-0382 JSW<br><br>**UNITED STATES FIRST SUPPLEMENTAL SENTENCING MEMORANDUM**<br><br>Date: October 18, 2007<br>Time: 2:30 p.m. |

## I.<br>INTRODUCTION

On June 21, 2007, the Defendant Jesus Rocha-Alvarez pled guilty to the sole count of the above-captioned information, a violation of 8 U.S.C. § 1326, Illegal Re-Entry After Deportation, and admitted this same conduct Charge Two of the Form 12C(2) Petition for Arrest Warrant for Offender Under Supervision, filed with this Court on May 2, 2007. That same day, the parties entered into a Rule 11(c)(1)(C) plea agreement, providing that under the Sentencing Guidelines, the applicable adjusted Offense Level range is 17 and the Criminal History category is V.

The United States agrees with the United States Probation Department that the adjusted offense level for this defendant is 21; the Criminal History Category is V; and the resulting sentence range under the Sentencing Guidelines is 70-87 months. The Presentence Investigative

1  Report (PSR) correctly notes that defendant is eligible to receive a 16 point enhancement for a
2  crime of violence conviction under U.S.S.G. § 2L1.2.(b)(1)(A).
3        As the Court is aware, the United States had earlier agreed, based on the information in
4  the possession of the United States at the time of the plea agreement was filed on June 21, 2007,
5  that a 12 point enhancement under U.S.S.G. § 2L1.2(b)(1)(B) was applicable.  The PSR,
6  however, revealed further information about the nature of the defendant's criminal history and
7  concluded that the16 point enhancement in accordance with § 2L1.2.(b)(1)(A) applied instead of
8  the 12 point enhancement.  The United States agrees with this analysis.
9        On September 6, 2007, this Court rejected that original Rule 11(c)(1)(C) plea agreement
10 entered into by the parties which contemplated an adjusted offense level range of 17.
11       On October 3, 2007 the Probation Department issued an amendment to its original PSR,
12 however, did not alter its recommendation of 70 months imprisonment for the violation of .
13       The current plea agreement contemplated by the parties incorporates the sentencing
14 range as outlined in the PSR.[1]  As indicated in the plea agreement, the Government  submits that
15 an aggregate sentence of 76 months  - 70 months for the violation of 8 U.S.C. § 1326, and 6
16 months for the violation of Supervised Release - is "sufficient, but not greater than necessary" to
17 effect the purposes of sentencing, and with its recommendation departs from the recommendation
18 of a 70 month sentence of United States Probation Department.  See 18 U.S.C. § 3553(a).

**II.
AN AGGREGATE SENTENCE OF 76 MONTHS IS A
REASONABLE AND APPROPRIATE SENTENCE**

   A.   **Sentencing Law**

   As the Court is well aware, the Sentencing Guidelines are no longer binding in the wake
of the Supreme Court's decision in *Booker*.  Rather, this Court is to consider the Guidelines
along with the other factors set forth in Title 18, United States Code, section 3553(a) to fashion a
sentence that is sufficient, but no harsher than necessary, to comply with the purposes of

---

[1] The plea agreement is being finalized in its particulars and will be filed with the Court before the next hearing.  In light of the posture of this case, the parties will be asking for sentencing as well at the next court appearance.

United States' Sentencing Memo
CR 07-0382 JSW                                2

sentencing. As set forth in *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006), the District Court must correctly analyze the Guidelines and then take into account the factors set forth in section 3553. Although the Guidelines are not binding, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *United States v. Rita*, 127 S. Ct. 2456, 2464 (2007). Analysis of the Guidelines and the section 3553 factors in this case demonstrates that the 76 month aggregate sentence  is a reasonable and appropriate in this case and for this defendant.

   **B.**  **The Nature of the Offense and the Defendant's Criminal History Support a the Agreed Upon Sentence**

  *History and characteristics of the defendant.* The defendant's criminal history places him in the second highest Criminal History Category, and although the defendant's prior convictions are primarily non-violent, the high range is justified by the defendant's extensive criminality. As the government has previously noted to the **Court**, when the defendant was 19 and 20 years old he was convicted of three misdemeanors; to wit, Trespass, Theft and Receiving Stolen Property. (See PSR ¶ 6.) In 1992, at 21 years old, the defendant received his first felony conviction; to wit, Burglary of an Inhabited Dwelling. (*Id.* at ¶ 7.) Over the following ten years, the defendant was convicted of three additional misdemeanors; to wit, Providing a False ID to a Peace Officer and Trespassing. (*Id.* at ¶ 8.) In 2002, the defendant was convicted of a drug trafficking offense, his second felony. (*Id.* at ¶ 9.) Finally, in 2004 the defendant received one misdemeanor and one felony conviction for Improper Entry by an Alien.

  While the defendant's criminal history contains only one conviction for a violent crime, his essentially continuous criminal history should not be minimized. In recognition of this, the proposed 76 month aggregate sentence is 28 months longer than the most severe of his previously imposed sentences.

  *Nature and Circumstances of the Offense.* The defendant was out of custody less than 90 days - a sentence he was serving for improperly entering the United States - before he illegally re-entered the United States, committing the instant offense. (*Id.* at ¶ 4.)

  In recommending a 76 month sentence, the United States has taken into consideration the

United States' Sentencing Memo
CR 07-0382 JSW       3

defendant's criminal and immigration history, the nature and circumstances of the present offense as well as his early acceptance of responsibility. The government submits that the above factors support a sentence within the guideline range. Accordingly, the government submits that an aggregate sentence of 76 months is a reasonable and appropriate sentence under the circumstances.

## III.
## CONCLUSION

The United States asks the Court to sentence the defendant to 70 months, to be served consecutively with an imprisonment or 6 months for his violation of his Supervised Release, and impose all others terms as outlined in the PSR.

Dated: October 11, 2007				Respectfully submitted,

						SCOTT N. SCHOOLS
						United States Attorney


						_____/s/_____
						JOSHUA EATON
						Assistant United States Attorney