BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant ROCHA-ALVAREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br> Plaintiff, </br> v. </br> JESUS ROCHA-ALVAREZ, </br> Defendant. | No. CR-04-370 JSW </br> No. CR-07-382 JSW </br> **DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM** </br> Date: October 18, 2007 </br> Time: 2:30 p.m. </br> Court: The Honorable Jeffrey S. White |

**INTRODUCTION**

Mr. Jesus-Rocha Alvarez now appears before this Court for sentencing on one count of illegal re-entry following deportation, in violation of 18 U.S.C. § 1326, as well as sentencing on a supervised release violation for a previous conviction of 18 U.S.C. § 1326. All parties now realize and agree that under Ninth Circuit law, the proper Guideline range is Offense Level 21, Criminal History Category 5, which would result in a sentence of 70-87 months. The government and Mr. Rocha-Alvarez have agreed upon a global disposition of 76 months; a 70 month sentence at the low end of the Guidelines, and a 6 month supervised release violation intended to run consecutively the 70 month sentence. The parties intend to submit the proposed new plea agreement to the Court no

Def. Supp. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

1

later than October 16, 2007, and will ask the Court to conduct a plea colloquy with Mr. Rocha-Alvarez on the new plea agreement on October 18, 2007.  After the plea colloquy, the parties anticipate requesting the Court to accept the new plea agreement and to sentence Mr. Rocha-Alvarez to the agreed-upon sentence of 76 months.

The United States Probation Officer has recommended a sentence of 70 months after identifying a Guideline range of 70-87 months, but has recommended that the supervised release violation run concurrently.   Given the fact that the parties have now reached a joint sentencing recommendation that takes into account the correct Guideline range, Mr. Rocha-Alvarez respectfully requests this Court to adopt the parties proposed disposition and sentence Mr. Alvarez to 76 months in custody on both cases.

**ARGUMENT**

Mr. Rocha-Alvarez concurs with the government's recitation of the mitigating factors in his favor at sentencing.  He first came to California at the age of nine with both parents, speaking a small amount of English.  He lived in Watsonville and worked in a restaurant there as a teenager with mother, while his father worked picking crops in the fields.  Mr. Rocha-Alvarez has three children who are United States citizens that live in Watsonville, which is the reason he continues to return to the United States.  It is now apparent to Mr. Rocha-Alvarez, however, that the consequences of returning to the United States are extremely serious, and will not result in his being able to spend any time with his children.  He is cognizant of the fact that lengthy jail terms are not helping himself or his family.  As such, he is resolved to remaining outside of the United States, returning to work in Mexico and helping his family financially by working, rather than helping no one by continuous incarceration.  To accomplish these ends, Mr. Rocha-Alvarez has contacted relatives in Mexico, including his mother and grandmother, who will allow him to reside with them in Mexico.  *See* PSR Addendum at ¶ 1.

The sentence presented by the plea agreement is a reasonable sentence.  It over two and a half

Def. Supp. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

2

times longer than the sentence Mr. Rocha Alvarez completed for illegal reentry in the 2004 (30 months). It is a severe sentence that sends a strong message to Mr. Rocha-Alvarez that punishments for illegal-reentry become incrementally worse as time passes. Moreover, it is a disposition that the government believes is reasonable under the circumstances of the case. Mr. Rocha-Alvarez initially traveled to the United States as a young boy because his father (with whom he resided in Mexico) died, and there was no family member ready or willing to care for him. *See* PSR Addendum at ¶ 4. At ten years old, he made the trip to the United States alone to live with an aunt and uncle, who were willing to take him in. *Id.* Mr. Rocha-Alvarez' mother essentially abandoned him as a toddler, and he experienced difficulty growing up without his mother's involvement. *Id.* at ¶ 5. He was raised with minimal education, and worked since age ten as either a dishwasher, or in the fields of Mexico. *Id.* at ¶ 3, 13.

The Probation Officer has reviewed Mr. Rocha-Alvarez' file, and concurs with the parties that there are mitigating factors present in this case. She has recommended a sentence at the low end of the Guidelines, she also recommends that the Court run the supervised release violation concurrently. To the parties' knowledge, none of Mr. Rocha-Alvarez' prior convictions contain aggravating factors; nor are there aggravating factors present in the instant case. Each of these arguments supports imposition of the parties' agreed-upon sentence of 76 months in custody.

**CONCLUSION**

For the aforementioned reasons, Mr. Rocha-Alvarez respectfully requests the Court to accept the terms of the revised plea agreement (to be submitted by the government to the Court no later than October 16, 2007); to adopt the parties' proposed plea agreement and its joint sentencing

//
//
//
//

Def. Supp. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

3

recommendation, to proceed to sentencing on October 18, 2007, and sentence Mr. Rocha-Alvarez to 76 months in custody.

Dated:      October 12, 2007

BARRY J. PORTMAN
Federal Public Defender

/S/
_____
ELIZABETH M. FALK
Assistant Federal Public Defender

Def. Supp. Sentencing Memorandum
No. CR-07-382 JSW
No. CR-04-370 JSW

4